IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEORGE P. JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 09-619-SLR |
| ) | |
| PERRY PHELPS, Warden, ) | |
| and JOSEPH R. BIDEN, III, ) | |
| Attorney General of the State ) | |
| of Delaware, ) | |
| ) | |
| Respondents.[1] ) | |

George P. Johnson. Pro se petitioner.

Danielle J. Brennan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

## MEMORANDUM OPINION

September 15, 2011
Wilmington, Delaware

---

[1]Petitioner was transferred to a different correctional facility during the pendency of the this proceeding. Therefore, the court has replaced the name of petitioner's former warden with the name of his current warden. See Fed. R. Civ. P. 25(d).

ROBINSON, District Judge

## I. INTRODUCTION

Petitioner George P. Johnson ("petitioner") is a Delaware inmate in custody at the James T. Vaughn Correctional Center in Smyrna, Delaware. Presently before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2; D.I. 7) For the reasons that follow, the court will dismiss his application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On August 6, 2007, petitioner was indicted and charged with delivery of cocaine to a minor (16 Del. Code Ann. § 4761(a)(1)); delivery of cocaine (16 Del. Code Ann. § 4771(a)); delivery of cocaine within 300 feet of a park (16 Del. Code Ann. § 4768(a)); endangering the welfare of a child (11 Del. Code Ann. §1102(a)(2)); and third degree criminal trespass (11 Del. Code Ann. § 821)). Prior to trial, petitioner pled guilty to the third degree criminal trespass charge. On April 8, 2008, a Delaware Superior Court jury convicted petitioner of delivery of cocaine to a minor, delivery of cocaine within 300 feet of a park, and third degree criminal trespass. The jury found him not guilty of endangering the welfare of a child, and the State entered a nolle prosequi on the delivery of cocaine charge. (D.I. 14); *Johnson v. State*, 959 A.2d 28 (Table), 2008 WL 4290602, at *1 (Del. Sept. 19, 2008).

The Superior Court sentenced petitioner to ten (10) years of mandatory incarceration for the delivery of cocaine to a minor conviction. Petitioner was sentenced to ten (10) years of incarceration, suspended immediately for decreasing levels of probation, for the delivery of cocaine within 300 feet of a park conviction. The Delaware Supreme Court affirmed petitioner's convictions and sentences on September 19, 2008.

*Johnson*, 2008 WL 4290602, at *4. During the pendency of his direct appeal, petitioner moved to modify his sentence. The Superior Court denied the motion because all of his incarceration time was mandatory minimum time. (D.I. 12 at 2)

In December 2008, petitioner filed in the Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), asserting three grounds for relief: the prosecutor's closing argument improperly expressed the prosecutor's personal opinion of petitioner's guilt; the prosecutor's closing argument impermissibly infringed on petitioner's right not to testify; and the jury verdict was inconsistent. The Superior Court summarily denied the Rule 61 motion for being completely conclusory and factually unsupported. *State v. Johnson*, 2009 WL 638511 (Super. Ct. Mar. 12, 2009). The Delaware Supreme Court affirmed the Superior Court's decision, but held that the three claims were procedurally barred under Delaware Superior Court Criminal Rule 61(i)(3). *Johnson v. State*, 977 A.2d 898 (Table), 2009 WL 2448237 (Del. Aug. 11, 2009).

Petitioner timely filed the instant application in this court, and subsequently filed an amended application (collectively referred to as "application"). The State filed an answer, arguing that six claims in the application are procedurally barred from federal habeas review.

### III. GOVERNING LEGAL PRINCIPLES

#### A. Exhaustion and Procedural Default

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the

United States." 28 U.S.C. § 2254(a). One prerequisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000); *see Teague v. Lane*, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are nonetheless procedurally defaulted. *Lines*, 208 F.3d at 160; *Coleman*, 501 U.S. at 750-51. Similarly, if the petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999);

3

*Coleman*, 501 U.S. at 750-51. To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - -whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## B. Standard of Review

If a state's highest court adjudicated a federal habeas claim on the merits,[2] the

---

[2] A state court decision constitutes an adjudication on the merits for the purposes of § 2254(d) if the decision finally resolves the claim on the basis of its substance,

4

federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).

When reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## IV. DISCUSSION

Petitioner presents six claims in his application:[3] (1) the prosecutor made

---

rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009).

[3]Claims one and two of the original application assert that two instances of prosecutorial misconduct occurred during closing arguments. For ease of analysis, the court has combined those two arguments into claim one. Petitioner's amended application asserts several challenges to the reliability of the police officers' testimony, and the court has divided those challenges into claims four and five. To the extent the

5

improper statements to the jury during the closing argument; (2) trial counsel provided ineffective assistance of counsel; (3) there were contradictions in the verdict; (4) the testimony provided by the police officers was unreliable because they provided inconsistent descriptions of the drug seller's clothing and they did not videotape the drug transaction; (5) the police officers' unreliable identification of petitioner as the drug seller resulted in his improper arrest; and (6) there was insufficient evidence to support his convictions. The State argues claims one through five should be denied as procedurally barred, and that claim six fails to warrant relief under § 2254(d)(1) and (2).

## A. Procedurally Barred Claims

### 1. Claim two

In Delaware, ineffective assistance of counsel claims are not exhausted unless a petitioner has presented them to the Superior Court in a Rule 61 motion and has appealed any adverse decision to the Delaware Supreme Court. *See Waples v. Phelps*, 2008 WL 1743400, at *2 (D. Del. Apr. 16, 2008). The record reveals that petitioner did not present the instant ineffective assistance of counsel allegations to the Delaware Supreme Court on post-conviction appeal. Consequently, he did not exhaust state remedies for claim two.

At this juncture, any attempt by petitioner to pursue this claim in the Delaware

---

amended application provides additional arguments for claims three (contradictory verdict) and six (insufficient evidence), the court will roll those arguments into said claims.

During the pendency of this proceeding, petitioner has filed several "amendments" to his application. (D.I. 18; D.I. 19; D.I. 22; D.I. 23; D.I. 24; D.I. 25; D.I. 27) Because these filings merely supplement and provide additional caselaw to support petitioner's original six arguments, the court will treat them as included in the aforementioned six claims.

state courts would be barred under Delaware Superior Court Criminal Rule 61(i)(1) as time-barred, and under Rule 61(i)(2) as repetitive due to his failure to raise it in his first Rule 61 proceeding and post-conviction appeal. *See Lawrie v. Snyder*, 9 F. Supp. 2d 428, 453 (D. Del. 1998)(Rule 61(i)(2) bars any ground for relief that was not asserted in a prior proceeding). Therefore, the court must treat the claim as exhausted but procedurally defaulted, meaning that the court cannot review its merits absent a showing of cause and prejudice, or that a miscarriage of justice will result without such review.

In an effort to establish cause, petitioner contends that he included the ineffective assistance of counsel claim on the reverse side of his Rule 61 motion, but that both the State and the Superior Court failed to address it. (D.I. 15) Petitioner asserts that the State's failure to address the claim "stopped" him from presenting claim two on post-conviction appeal. Contrary to his belief, however, petitioner's conclusory and unverified excuse[4] does not constitute cause because he has not demonstrated how the State and the Superior Court's alleged inaction actually prevented him from re-asserting claim two on post-conviction appeal.

In the absence of cause, the court will not address the issue of prejudice. Moreover, the court concludes that petitioner's failure to present claim two to the Delaware Supreme Court should not be excused under the "miscarriage of justice" exception to the procedural default doctrine, because he has failed to provide "new

---

[4]Notably, petitioner's opening brief on post-conviction appeal makes absolutely no mention of trial counsel's alleged ineffectiveness, not even as a brief explanation for his failure to raise the three substantive claims on direct appeal. (D.I. 14, Appellant's Op. Br. in *Johnson v. State*, No.0706025356)

7

reliable" evidence that can establish his actual innocence. Accordingly, the court will deny claim two as procedurally barred.

### 2. Claims one, three, and five

Petitioner presented claims one and three to the Delaware Supreme Court when he appealed the denial of his Rule 61 motion.[5] The Delaware Supreme Court, however, held that the claims were procedurally barred under Delaware Superior Court Rule 61(i)(3) because petitioner failed to raise the issues on direct appeal. *Id.* at *1. By applying the procedural bar of Rule 61(i)(3), the Delaware Supreme Court articulated a "plain statement" under *Harris v. Reed*, 489 U.S. 255, 263-4 (1984), that its decision rested on state law grounds. Superior Court Criminal Rule 61 constitutes an independent and adequate state procedural rule precluding federal habeas review. *See McCleaf v. Carroll*, 416 F. Supp. 2d 283, 296 (D. Del. 2006); *Mayfield v. Carroll*, 2005 WL 2654283 (D. Del. Oct. 11, 2005). Thus, the court cannot review the merits of claims one and three absent a showing of cause for the default and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the claim is not reviewed.

In turn, petitioner did not exhaust state remedies for claim five because he did not present the claim to the Delaware Supreme Court on direct or post-conviction

---

[5]The court notes that petitioner's prosecutorial misconduct claim raised on direct appeal did not exhaust state remedies for the prosecutorial misconduct allegations raised in claim one of the instant proceeding because the two claims are completely dissimilar. For instance, on direct appeal, petitioner complained that the prosecutor improperly stated the amount of money paid for the crack cocaine during the closing argument because no such evidence about the amount of money paid was introduced at trial. *Johnson*, 2008 WL 4290602, at *3.

appeal. Any attempt to obtain review of the claim in the Delaware state courts at this juncture would be barred by Rule 61(i)(1) as time barred; by Rule 61(i) 2 as repetitive; and by Rule 61(i)(3) as procedurally defaulted. Therefore, the court also cannot review the merits of claim five absent a showing of cause and prejudice, or a miscarriage of justice.

Petitioner attempts to establish cause for his default of claims one, three, and five by blaming counsel's failure to raise the claims on direct appeal. As previously explained, however, this ineffective assistance of counsel allegation is itself procedurally defaulted, and petitioner has failed to demonstrate cause and prejudice sufficient to excuse his procedural default of his ineffective assistance of counsel claim. Therefore, counsel's alleged ineffectiveness cannot excuse petitioner's procedural default of claims one, three, and five. *See Edwards*, 529 U.S. at 453-54.

Petitioner does not assert, and the court cannot discern, any other cause for his procedural default of the instant three claims. In the absence of cause, the court will not address the issue of prejudice. Additionally, the miscarriage of justice exception to the procedural default doctrine is inapplicable, because petitioner has not provided any new reliable evidence of his actual innocence. Accordingly, the court will deny claims one, three, and five as procedurally barred.

### B. Claims Four and Six

Petitioner presented claim six, alleging insufficient evidence, to the Delaware Supreme Court on direct appeal. In raising claim six on appeal, petitioner also asserted the same issues raised in claim four of this proceeding, namely, that the evidence was insufficient to support his convictions because of the police officers' inconsistent

identification of the drug seller's clothing and their failure to videotape the transaction. Given petitioner's failure to raise these issues during trial, the Delaware Supreme Court only reviewed claims four and six for plain error on direct appeal. *Johnson*, 2008 WL 4290602, at *3.

In its answer, without referencing the Delaware Supreme Court's application of the plain error doctrine on direct appeal, the State asserts that the Delaware Supreme Court's disposition of the instant claims constituted an adjudication on the merits for federal habeas purposes. As a result, the State contends that the court must review the instant arguments under the deferential standard contained in § 2254(d)(1).

The court, however, disagrees. By explicitly applying the plain error doctrine to these issues on direct appeal, the Delaware Supreme Court articulated a "plain statement" under *Harris v. Reed*, 489 U.S. 255, 263-64 (1984), that its decision rested on state law grounds. In turn, the plain error doctrine of Delaware Supreme Court Rule 8 constitutes an independent and adequate state procedural rule for procedural default purposes. *See Campbell*, 515 F.3d at 177-82. Accordingly, the court will exercise its discretion and *sua sponte* raise the bar of procedural default as to claims four and six, which has the consequence of precluding the court's review of the claims on their merits absent a showing of cause and prejudice.[6] *See Sweger v. Chesney*, 294 F.3d

---

[6]In *Sweger*, the Third Circuit held that

> [w]e retain this discretion [to *sua sponte* address and rely on an issue of procedural default never raised by the State on federal habeas review] because the doctrine of procedural default, while not a jurisdictional rule, is grounded upon concerns of comity between sovereigns and often upon concerns of judicial efficiency . . . . Because these concerns substantially implicate important interests beyond those of the parties, it is not

506 (3d Cir. 2002); see also Day v. McDonough, 547 U.S. 198, 206 (2006)(explaining that whether a federal court can raise a procedural default sua sponte remains an open issue in Supreme Court jurisprudence).

Once again, petitioner's allegations regarding defense counsel's failure to present these objections at trial cannot establish cause for his default of claims four and six, because the ineffective assistance of counsel allegations are themselves procedurally defaulted. Petitioner has not demonstrated prejudice resulting from his default, nor has demonstrated that the miscarriage of justice exception applies in his case. Accordingly, the court will deny claims four and six as procedurally barred.

Alternatively, even if the court were to view the Delaware Supreme Court's disposition of the instant claims as constituting an adjudication for federal habeas purposes, the court would deny them for failing to satisfy the requirements of § 2254(1). The clearly established federal law for insufficient evidence claims was articulated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979). Pursuant to *Jackson*, a court must determine "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. A court must apply *Jackson*'s standard with explicit reference to the substantive elements of the criminal offense as defined by state law. *Id.* at 324 n.16; see also *Jordan v. Snyder*, 2000 WL 52152, at *4 (D. Del. Jan. 5, 2000). Additionally, "a federal habeas court

---

> exclusively within the parties' control to decide whether such a defense should be raised or waived.

294 F.3d at 520 n.3.

11

faced with a record of historical facts that supports conflicting interests must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution;" credibility determinations made by the jury are not reviewable in federal habeas proceedings. *Jackson*, 443 U.S. at 326. Finally, a jury's verdict may be based entirely on circumstantial evidence, so long as the *Jackson* standard is satisfied and the jury is convinced of the defendant's guilt beyond a reasonable doubt. *See Desert Palace Inc. v. Costa*, 539 U.S. 90, 100 (2003); *Holland v. United States*, 348 U.S. 121, 140 (1954).

In Delaware, a person is guilty of delivering cocaine to a minor if he "knowingly distributes cocaine to a person under 21 years of age." Del. Code Ann. tit. 16, § 4761(a)(1) (2007). A person is guilty of delivering cocaine within 300 feet of a park , if he "illegally distributes . . . cocaine . .. within 300 feet of the boundaries of any . . . parkland, park, or recreation area." Del. Code Ann. tit. 16, § 4768(a) (2007).

The evidence introduced at trial established the following scenario for the jury. At approximately 8:10 p.m. on June 20, 2007, sixteen-year-old Reed Bland[7] purchased what was later identified as crack cocaine at the Liberty Court Apartments in Dover, Delaware. *Johnson*, 2008 WL 4290602, at *1-2. Following the transaction, Bland got into the back seat of a car. When the driver attempted to leave the apartment complex, Officers Christopher Bumgarner and Perry Alfather, who were part of a surveillance team from the Dover Police Department, stopped the car. Officer Bumgarner testified that Bland, who was sitting in the back seat, appeared to be hiding something under his

---

[7]Reed Bland is a pseudonym assigned by the Delaware Supreme Court. *Johnson*, 2009 WL 638511, at *1 n. 1.

12

leg. As Bland exited the car, an object dropped to the floor. Officer Bumgarner searched the floor where Bland had been sitting and found a plastic bag containing a white rock, which was later identified as crack cocaine. *Id.*

Bland's videotaped statement to the police was played for the jury. In the videotape, Bland stated that the seller was wearing a Phillies baseball cap and was dressed all in blue. During his trial testimony, Bland was not able to specifically identify petitioner as the seller. Two other police officers from the Dover Police Department, Anthony Digirolomo and Ricky Lynn Porter, Jr., who had observed the transaction from a surveillance location aided by high-powered binoculars, positively identified petitioner as the seller. Both officers testified that it was still light out when the transaction took place and that their view of it was clear and unobstructed. Officer Digirolomo, who had worked for 14 years in narcotics with the Dover Police Department, testified that he was familiar with petitioner and that petitioner was the target of the surveillance operation on June 20, 2007. *Id.* Officer Digirolomo recalled that petitioner was wearing an oversized white T-shirt, three-quarter length blue jeans, blue patent leather tennis shoes, a cap and sunglasses. Neither the cap nor the sunglasses was inventoried at the time of petitioner's arrest. *Id.*

Officer Porter stated that he did not remember seeing the T-shirt, but he specifically remembered petitioner's blue shoes. *Id.* He also testified that, given the location of the surveillance operation, the Dover Police Department's video equipment was not used because it would have been visible to the participants in the drug transaction, and that he was familiar with petitioner. (D.I. 14, App. to Appellant's Br., *Johnson v. State*, No.204,2008 at A-52, A-57)

13

Officer Bumgarner testified that, after petitioner was taken into custody, he had the opportunity to measure the distance between the location of the drug transaction and a nearby park. He stated that he used the "measuring option" on the LIDAR or radar gun, which is a laser device used to measure speed and distance, and that the distance between the site of the transaction and the park was 64.4 feet. *Johnson*, 2008 WL 4290602, at *1-2.

Turning to the first prong of the § 2254(d)(1) inquiry, the court notes that the Delaware Supreme Court did not specifically apply *Jackson* in holding that the Superior Court did not commit plain error with respect to petitioner's insufficiency argument. Nevertheless, the court concludes that the Delaware Supreme Court's decision was not contrary to *Jackson*, because the Delaware cases cited by the Delaware Supreme Court refer to the applicable precedent. *See Fahy v. Horn*, 516 F.3d 169, 196 (3d Cir. 2008)(Supreme Court of Pennsylvania's decision was not "contrary to" clearly established Federal law because appropriately relied on its own state court cases, which articulated the proper standard derived from Supreme Court precedent).

In order to complete the § 2254(d)(1) inquiry, the court must also determine if the Delaware Supreme Court's application of *Jackson* was reasonable. Petitioner contends that there was insufficient evidence to support his two convictions for delivering cocaine because of the inconsistency in the surveillance officers' descriptions of the drug seller's clothing and because they did not videotape the drug sale. The specific inconsistency relied upon by petitioner is the fact that Officer Digirolomo described the seller as wearing a "white T-shirt and blue type pants and blue shoes," whereas "Officer Porter [] could not remember if [the seller] had on a white T-shirt or not." (D.I. 7 at 5)

Officer Digirolomo also testified that petitioner had a cap and glasses on top of his head at one point, whereas Officer Porter did not mention any cap and glasses. *Id.* For the following reasons, the court concludes that petitioner's insufficient evidence argument is unavailing.

As an initial matter, it is a well-settled rule in Delaware that an individual may be convicted solely on circumstantial evidence. *Seward v. State*, 723 A.2d 365, 369 (Del. 1999). Delaware courts treat circumstantial evidence the same as direct evidence, and draw inferences from that evidence. *Id.* Moreover, to the extent the police officers provided inconsistent testimony regarding the drug seller's clothing, it was for the jury, as the trier of fact, to determine the credibility of the witnesses and resolve any conflicts in the testimony. The jury heard the police officers' description of the drug seller and knew that both officers were acquainted with petitioner. During cross examination, defense counsel thoroughly and vehemently challenged the officers' credibility by highlighting the aforementioned inconsistencies in their identification of petitioner as the seller, as well as by underscoring the distance between the officers and the transaction and the diminishing daylight. Defense counsel also challenged the credibility of the officers' identification of petitioner during her opening statement and closing argument by asserting that the State had not proved the element of the cocaine dealer's identification beyond a reasonable doubt. Under these circumstances, the court defers to the jury's implicit finding that the police officers' testimony was credible.

Given the foregoing, and after viewing all of the evidence in a light most favorable to the prosecution, the court concludes that the Delaware Supreme Court reasonably applied *Jackson* in holding that the police officers' testimony provided more

than sufficient evidence to support petitioner's convictions for delivery of cocaine. The court also concludes that the Delaware Supreme Court's decision did not involve an unreasonable determination of the facts in light of the evidence presented. Accordingly, the court will alternatively deny claims four and six for failing to satisfy the requirements of § 2254(d).

## V. PENDING MOTION

During the pendency of this proceeding, petitioner filed a motion requesting representation by counsel so that counsel can "effectively" support all facts, issues, and grounds in the application. (D.I. 20) Petitioner also asserts that counsel can establish his innocence by re-questioning the witness. Neither of these reasons, however, persuade the court that the interests of justice require representation by counsel. See Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require"). Moreover, as set forth above, the court has concluded that petitioner's application does not warrant habeas relief. Accordingly, the court will deny petitioner's motion for representation by counsel.

## VI. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. See 3d Cir. L.A.R. 22.2 (2011). The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a

constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

For the reasons stated above, the court concludes that petitioner's habeas application must be denied. Reasonable jurists would not find this conclusion debatable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## VII. CONCLUSION

For foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254. An appropriate order will be entered.